## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

HOWARD L. KASTEL, Trustee of the )
Howard L. Kastel Trust Dated Nov. 13, )
1985, and JOAN H. KASTEL, )
　 )   Honorable Judge N.C. Tilley, Jr.
　Plaintiffs, )
　 )   Magistrate Judge Wallace W. Dixon
　v. )
　 )   No. 1:09-CV-646
NUVEEN INVESTMENTS INC., *et al.*, )
　 )
　Defendants. )
—————————————————— )

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS NUVEEN'S AND BREMNER'S
## MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

     The allegations in Plaintiffs' scattershot pleading are so far-reaching that they fail to plead any cause of action with sufficient specificity. Plaintiffs, Howard L. Kastel, Trustee of the Howard L. Kastel Trust Dated November 13, 1985, and Joan H. Kastel ("Kastels") filed their First Amended Complaint ("Complaint") [Dkt. 30] on April 28, 2010. This Complaint—Plaintiffs' second attempt —makes crucial errors which require dismissal of all claims against Defendants Nuveen Investments, Inc. and Nuveen Investments, LLC (collectively "Nuveen"), and against Defendant Robert P. Bremner ("Bremner") under Federal Rule of Civil Procedure 12(b)(6) and applicable law. [1] Accordingly, this motion to dismiss should be granted.

     The Kastels fail to plead required elements of certain causes of action against

---

[1] As a result of an agreement between the parties, on December 10, 2009, Nuveen and Bremner provided Plaintiffs with a letter, attached hereto as Exhibit 1, detailing the various deficiencies in Plaintiffs' original complaint.

Nuveen and Bremner.  Where the Complaint arguably does plead those elements, it fails to do so with the requisite specificity under Rule 9(b) and/or the Private Securities Litigation Reform Act ("PSLRA").  The Complaint categorically fails to ascribe material misrepresentations to Nuveen or Bremner.  In other counts, the Complaint cannot as a matter of law plead any duty between Nuveen and Bremner and the Kastels because of a variety of intermediaries.  Finally, each count is hamstrung by the inability—as pled in the Complaint—to demonstrate cause-in-fact or proximate cause by the conduct of Nuveen and Bremner.  Therefore, Counts II through X as applied against Nuveen and Bremner should be dismissed.

## BACKGROUND

Nuveen Investments, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois.  Nuveen Investments, LLC is an affiliate of Nuveen Investments, Inc., also located in Chicago.  Bremner is the Chairman of the Board of Trustees of closed-end funds managed by an affiliate of Nuveen Investments, Inc.  The Complaint alleges various misconduct on the part of these three defendants along with a host of additional co-defendants.

The Complaint alleges that when the market collapsed in February 2008 for auction rate securities purchased on the Kastels' behalf by Defendants Lawrence M. Cohen ("Cohen") and Mesirow Financial Inc. ("Mesirow"), the Kastels were injured. The Complaint principally charges that Plaintiffs were injured by the "loss of interest" that they could have earned.  (Compl. ¶ 57.)  They seek compensation for the "lack of liquidity and other risks *inherent in the securities.*"  (*Id*. at 59 (emphasis added).)

The Kastels' Complaint is clear on one important point: the Kastels' "Investment Advisor" was Lawrence Cohen, a Senior Managing Director at Mesirow. (*Id.* at ¶¶ 14, 30.) The Kastels "reposed great trust and confidence in Cohen." (*Id.* at ¶ 14; *see also id.* at ¶¶ 30, 39.) The Kastels had a number of "Client Agreements" with Mesirow and have had a direct relationship with Mesirow for many years—at least since 1988. (*Id.* at ¶¶ 8, 11, 30.) Howard Kastel has known Cohen since the early 1970s. (*Id.* at ¶ 30.) The Complaint describes no relationship between Nuveen and Bremner and the Kastels.

This case centers around Auction Rate Preferred Securities ("ARPS") issued by certain closed-end funds managed by Nuveen Asset Management (the "Nuveen Funds"), an affiliate of Nuveen Investments Inc. Mesirow, a sophisticated broker, had access to the relevant auctions. (*See id.* at ¶ 12.) The Kastels designated Cohen and Mesirow to make investments on their behalf consistent with guidelines communicated only to Cohen and Mesirow. "Cohen and Mesirow repeatedly represented, in deliberate words and phrases at the time of each purchase that these securities met the Kastels' investment guidelines." (*Id.* at ¶ 12.) Mesirow and Cohen engaged in all of the conversations with the Kastels alleged in this Complaint, and also, therefore, were the only parties to the conduct, misrepresentations, or omissions giving rise to this suit.

The Complaint candidly admits that because "Nuveen did not have the name of either Howard L. Kastel Trustee or Joan H. Kastel they never received any reports or information concerning their investments until February 16, 2008." (*Id.* at ¶ 14.) That is, Nuveen did not and could not misrepresent anything to the Kastels nor disclose anything to them. Further, in the only direct communication charged in the Complaint, Nuveen

3

representatives simply directed the Kastels to contact Mesirow regarding their investments. (*Id.* at ¶ 12.) The Complaint states this succinctly: "Without Mesirow, the Kastels would not have been victims of this unlawful scheme." (*Id.* at ¶ 22.)

## ARGUMENT

When the allegations of the Complaint are construed in a light most favorable to Plaintiffs, drawing all reasonable inferences therefrom, and accepting as true all well-pled facts and allegations, the causes of action against Nuveen and Bremner fail to state claims upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claims as stated in the Complaint are facially implausible. *See Starling v. Alexander Place Townhome Ass'n, Inc.*, No. COA-640, 2010 WL 916388 at *2 (N.C. Ct. App. Mar. 16, 2010) (requiring dismissal where complaint lacks support in law, reveals insufficient facts to make a good claim, or discloses a fact that necessarily defeats the claim). The Complaint, therefore, renders discovery unnecessary.

## I. The Complaint Fails To Plead Counts II Through X With Requisite Specificity.

The Complaint fails to plead necessary elements of Counts II – X with the requisite specificity.[2] In several counts, the Complaint fails to allege required elements of the claims against Nuveen and Bremner entirely. And where the Complaint does allege the legal elements, it does not do so with the necessary specificity or with the factual support required to survive a motion to dismiss. Heightened pleading standards

---

[2] The Complaint does not plead Counts I and IV against Nuveen (Compl. ¶¶ 61-62, 79), and does not plead Counts I, II, V, VI, VII, VIII, or X against Bremner. (Compl. ¶¶ 61-62, 64-66, 81-84, 86-87, 90-95, 97-101, 105-109.)

4

are applicable under both Rule 9(b) and the PSLRA because the claims allege fraud.

On the whole, the counts suffer three infirmities: (1) there is no legal duty (fiduciary or otherwise) between Nuveen and Bremner and the Kastels; (2) there are no false statements by Nuveen or Bremner described in the Complaint; and (3) even if there were, Nuveen and Bremner are too far removed from the transactions at issue for there to be causation. These flaws are determinative.

### A.      Count II: The Allegations Cannot Support Any Fiduciary Duty.

Count II asserts a claim for breach of fiduciary duty against Nuveen. However, the Complaint fails to describe a fiduciary duty between Nuveen and the Kastels. Under North Carolina law, a plaintiff must allege that a fiduciary relationship existed and that the fiduciary failed to act in good faith and with due respect to the plaintiff's interests. *Nakell v. Liner Yankelevitz Sunshine & Regenstreif LLP*, 394 F. Supp. 2d 762, 771 (M.D.N.C. 2005). The only allegations that reasonably can be inferred to relate to breach of fiduciary duty are the repeated statements that "[b]y reason of Nuveen acting as co-broker and sharing the fees paid in respect to the Kastels' ARPS shares they are liable along with Mesirow Financial for and in respect to said breach." (*See* Compl. ¶¶ 25, 64.) These allegations are legally insufficient to support any claim for breach of fiduciary duty.

The Complaint arguably identifies a fiduciary relationship with other defendants, but it fails to do so with respect to Nuveen. (*See id*. at ¶ 14.) Indeed, the Complaint fails to (a) identify a direct relationship between Plaintiffs and Nuveen; or (b) establish any sort of "special confidence" or trust between Nuveen and the Kastels. Both elements are

required for this cause of action to proceed to discovery.

To the contrary, the Complaint reveals that there was never a relationship between Nuveen and the Kastels—much less a fiduciary relationship. (*See id*. at ¶ 12 (admitting that Nuveen could not have even known the Kastels' names).) All of the Kastels' purchases were facilitated by their advisor, Cohen. (*Id*. at ¶¶ 30-32.) "'A fiduciary duty arises when there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence.'" *Kucmierz v. Four Oaks Bank & Trust Co.*, No. COA09-491, 2010 WL 157550, at *4 (N.C. Ct. App. Jan. 19, 2010) (unreported table decision) (quoting *Branch Banking & Trust Co. v. Thompson*, 418 S.E.2d 694, 699 (1992)). The Complaint asks this Court to find a "special confidence" between a broker-dealer and any downstream, indirect buyer of an investment vehicle. There is no legal support for such an extension of settled law.

The relationship alleged in the Complaint is far-removed from a fiduciary one. Plaintiffs allege no contract executed by Nuveen and the Kastels nor any communications. Indeed, throughout the Complaint, it is obvious that Nuveen is two or three steps removed from any of the conduct at issue. (*E.g.*, Compl. ¶ 27 ("Mesirow and Cohen had a 'special duty' to its [sic] customers"); ¶ 30 ("Cohen was the Kastels' Investment Adviser and the Kastels enjoyed a relationship of trust and confidence with Cohen and Mesirow").)

There is no magic to the words "co-broker," "broker-dealer," "remarket underwriter," "sponsor," or any other role ascribed to Nuveen in the Complaint. (*Id*. at ¶

6

4.) None of these terms imply any sort of "special confidence" beyond a plain commercial transaction. *See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 244-47 (Cal. Ct. App. 2007) (dismissing breach of fiduciary duty claims by investor against broker-dealer for want of any confidential relationship). Nor is there any factual support for the conclusory allegation that Nuveen was "liable along with Mesirow" simply by virtue of their relationship with the closed-end funds that for many years prior offered the ARPS for sale to "most of the major broker/dealer firms." (*See* Compl. ¶¶ 7, 64.) If that were so, any wholesale lender or seller of a good would be elevated to fiduciary status with *any* downstream, indirect lendee or buyer. Such a contention is at once impractical and contrary to existing black-letter law. Accordingly, the Complaint fails to allege facts sufficient to support Count II and, in fact, admits facts which preclude any finding of a fiduciary relationship.

## B. Counts III – IV: The Complaint Fails to Plead Violations of the Securities Exchange Act Against Nuveen and Bremner[3].

To state a claim under Section 10(b) and Rule 10b-5, Plaintiffs must demonstrate that: "'(1) the defendant made a false statement or omission of material fact (2) with scienter (3) upon which the plaintiff justifiably relied (4) that proximately caused the plaintiff's damage.'" *In re Cree, Inc. Sec. Litig.*, No. 1:03CV00549, 2005 WL 1847004 at *2 (M.D.N.C. Aug. 2, 2005) (*quoting Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 613 (4th Cir. 1999)). Count III alleges violations of Section 10(b) and Rule 10b-5 and Count IV urges the liability of the "controlling person," Bremner, for such violation, if proven.

---

[3] The Complaint does not plead Count IV Against Nuveen. (Compl. ¶¶ 78-79.)

Because Plaintiffs failed to plead any of the four elements, these claims should be dismissed.

### 1. There are No Alleged False Statements of Material Fact Alleged Against Nuveen or Bremner.

As discussed above, the Complaint fails to identify any "false statement of material fact" by Nuveen or Bremner.  However, "a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard."  *In re Cree*, 2005 WL 1847004, at *3 (quoting *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2nd Cir. 1990)).  Here, the gravamen of the Complaint is that Nuveen and Bremner failed to make statements to the individual investors in the ARPS at issue, not that their statements were not true.  (*See* Compl. ¶¶ 1, 24, 26, 44 (as discussed *supra* at I.B.1).)  The Complaint forces Nuveen and Bremner to shadow-box Plaintiffs' claims.  Shadow-boxing is foreclosed by the requirement of specificity under Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA").  *See* 15 U.S.C. § 78u-4(b)(1)(B); *In re Inspire Pharms. Inc. Sec. Litig.*, 515 F. Supp. 2d 631, 636 (M.D.N.C. 2007) ("if a complaint fails to state sufficient facts to permit a reasonable person to find that the defendant made a false or misleading statement, the motion to dismiss should be granted").

By not identifying specific statements, Plaintiffs also cannot plead that their reliance on such statements was justifiable.  Plaintiffs cannot meet the two specific exceptions for proof of a false statement, either.  That is, as shown, because Nuveen and Bremner did not have a "duty to disclose" to the Kastels, they cannot violate Section

8

10(b) by an omission. *In re Mutual Funds Inv. Litig.*, 566 F.3d 111, 120 (4th Cir. 2009).

Nor has the Complaint shown "fraud on the market" because it does not identify untrue

public statements made by Nuveen or Bremner. *Id.* The statements made to the SEC and

investors, including the statements made through Nuveen's website, are not alleged to be

untrue. (Compl. ¶¶ 12, 24.) In addition, the Complaint admits that the ARPS were not

traded on an open market (*id.* at 7), and identifies no alleged misstatements which

occurred prior to the Plaintiffs' purchase of the ARPS. *See In re Mutual Funds Inv.*

*Litig.*, 566 F.3d. at 120.

**2.     Plaintiffs Failed to Plead Scienter Required Under PSLRA.**

Even if the allegations of the Complaint imply a false statement, Plaintiffs have

not plead scienter with specificity. 15 U.S.C. § 78u-4(b)(2); *see Ottmann v. Hanger*

*Orthopedic Group, Inc.*, 353 F.3d 338, 344-45 (4th Cir. 2003) ("The PSLRA thus

'seek[s] to heighten the standard for pleading scienter . . . .'") (quoting *Phillips*, 190 F.3d

at 620). With respect to Nuveen's alleged conduct, Plaintiffs merely plead that Nuveen

would continue to receive fees by perpetuating the ARPS market. (*See* Compl. ¶ 25

(alleging Mesirow "shared the fees" with Nuveen).) This is legally insufficient. *See*

*Ottmann*, 353 F.3d at 352 ("[C]ourts have repeatedly rejected these types of generalized

motives—which are shared by *all* companies—as insufficient to plead scienter under the

PSLRA") (emphasis in original).

3. **Plaintiffs' Allegations Do Not Connect Nuveen or Bremner As a Cause of their Purported Loss**.

The Complaint merely details bad acts by the Kastels' investment advisors, and then casts a broad net to capture anyone associated with the failed investments.[4] The allegations remain bare. Specifically, the Complaint does not establish proximate cause or "loss causation"—i.e., "that the material misrepresentations or omissions alleged actually caused the loss for which the plaintiff seeks damages." *In re Mutual Funds Inv. Litig.*, 566 F.3d at 120. The Nuveen Funds offered ARPS for years and attracted many investors. When the market collapsed during the widespread financial crisis of 2008, some investors lost liquidity in some investments. (*E.g.*, Compl. ¶¶ 47-49.) Yet, it is difficult to ascertain any meaningful distinction between the investments at-suit and nearly any other fund, security, stock, bond or other investment vehicle during the same period.[5] Nevertheless, Section 10(b) does not require broker-dealers to become insurers against the risks associated with the investments that they issue. *See McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 425 & n.3 (3rd Cir. 2007). Even still, the Complaint does not allege that the Plaintiffs have been deprived permanently of the ARPS. Indeed, the Complaint admits a substantial portion of the shares have been redeemed since the first filing of a complaint in this matter. (Compl. ¶ 54.) A Section 10(b) cause of action simply does not lie against Nuveen or Bremner under the circumstances described in this Complaint.

---

[4] Nuveen cannot be held liable for false statements made by others. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 176-77 (1994).

[5] Consider, for example, that if the Kastels had invested in Citigroup, Inc.'s common stock [NYSE: C] on August 17, 2007 (Compl. ¶ 32), instead of the ARPS in this suit, as of the date of the Complaint, Plaintiffs would have lost approximately 90% of their investment.

## C.  Count V: The Complaint Fails to Plead Fraud With Particularity.

The second major thread of the allegations against Nuveen is allegations of fraud. The Kastels allege common law fraud against Nuveen for "material misrepresentations or omissions," specifically "false information regarding the liquidity of the ARPS." (*Id.* at ¶¶ 81-82.)  But despite some conclusory allegations—which are insufficient under Rule 9(b)—the Complaint fails to identify specific untrue statements made by Nuveen.  Fraud requires: "(1) [f]alse representation or *concealment* of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party."  *Kucmierz*, 2010 WL 157550, at *3 (citation omitted) (emphasis in original).  Plaintiffs fail to plead either fraudulent misrepresentation or concealment with the particularity required by Rule 9(b).

### 1.  No False Statements are Directly Attributed to Nuveen.

The only direct communication between Nuveen and Plaintiffs alleged in the Complaint is merely that Nuveen personnel "told Howard Kastel, in a telephone conversation, that if he wanted any information regarding Nuveen's 'weeklies' he should contact Mesirow Financial."  (Compl. ¶ 12.)  Surely, there can be no fraud from that statement.

Even interpreting the Complaint in a light most favorable to Plaintiffs—as the Court must—there are no allegations of false statements by Nuveen.  There were no prospectuses given to the Kastels because the ARPS held by Kastels were purchased in secondary market transactions which do not require delivery of prospectuses.

There are no allegations that anything on Nuveen's online "Glossary of Financial

11

Terms" was untrue. (*Id.* at ¶ 24.) And even if Nuveen's marketing materials contained "misleading and incomplete disclosures," Plaintiffs admit they had not read such materials until long after they had made their investments and the market had collapsed. (*See id.* at ¶ 52.) Moreover, with respect to statements made by Nuveen to the public and to the agencies about its intention to redeem the ARPS, the Complaint reveals Nuveen has, in fact, done as it said it would. (*Compare id.* at ¶ 53 *with* ¶ 54 (detailing that Nuveen has redeemed 65 shares since August 2009).)[6]

### 2. Nor Did Plaintiffs Plead Fraud by Omission.

As far as omissions, there is no factual support in the Complaint for any suggestion that Defendants Cohen or Mesirow or any other Defendant advised Nuveen of what they were telling their investors, including the Kastels. Indeed, even if Nuveen could or did know of alleged misrepresentations by these defendants, the Kastels concede that Nuveen would have had no way of warning them. (*Id.* at ¶ 14). "[F]raud by omission is, by its very nature, difficult to plead with particularity." *Lawrence v. UMLIC-Five Corp.*, No. 06CVS20643, 2007 WL 2570256, at *4 (N.C. Super. Jun. 18, 2007) (quoting *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 195 (M.D.N.C. 1997)). This Complaint lacks the details demanded by the Rules.

Moreover, in order to prove fraud by omission, the Complaint must describe the "relationship or situation giving rise to the duty to speak" owed by Nuveen. *Breeden*, 171 F.R.D. at 195-96 (citations omitted). As shown above, Plaintiffs allege no fiduciary relationship and Nuveen incorporates by reference its discussion of the failure to plead a

---

[6] These redemptions represent a total of $1,625,000 that has been paid to Plaintiffs. (Compl. ¶ 54).

fiduciary duty here. *Id.* at 196. At most, the Complaint describes a simple, indirect relationship between Nuveen and the Kastels. That is insufficient.

Outside of the fiduciary context, even if the Court were to find a relationship that amounts to something more than an indirect relationship between the Kastels and Nuveen, the Complaint would also have to plead that the Plaintiffs were "both ignorant and unable to discover through reasonable diligence" the material facts allegedly withheld. *Id.* In this regard, the Complaint fails to plead how *Nuveen* prevented the Kastels from learning about their investments, the risks, illiquidity, the benefits, or any other information. Indeed, any barriers to complete information alleged in the Complaint were Defendants Cohen and Mesirow. (*See* Compl. ¶ 1.)

### D. Count VI: The Complaint Cannot Support a Negligent Misrepresentation Cause of Action against Nuveen.

The Complaint charges Mesirow and Nuveen with negligent misrepresentation. (Compl. ¶¶ 85-87.) However, this count suffers from two familiar infirmities: (a) that Plaintiffs failed to allege any misrepresentations from Nuveen and (b) that Nuveen owed the Kastels' a duty of care. Accordingly, Nuveen incorporates the arguments above by reference here. There are no misrepresentations attributed to Nuveen. And the Complaint shows that Nuveen simply had no direct relationship—much less one characterized by trust and confidence—with the Plaintiffs. Rather, every bit of information received by the Kastels' was through other defendants.

To state a claim for negligent misrepresentation, a complaint must fully describe how "(1) a party justifiably relies, (2) to his detriment, (3) on information prepared

without reasonable care, (4) by one who owed the relying party a duty of care." *Brinkman v. Barrett Kays & Assocs., P.A.*, 575 S.E.2d 40, 43-44 (N.C. Ct. App. 2003) (quoting *Simms v. Prudential Life Ins. Co. of Am.*, 537 S.E.2d 237, 240 (N.C. Ct. App. 2000)). The heightened pleading standards of Rule 9(b) apply equally to this cause of action. *Breeden*, 171 F.R.D. at 199.

Again, the Complaint fails to identify misrepresentations *made by Nuveen*. The Complaint makes clear that the Kastels never received a prospectus—Nuveen was not required to deliver a prospectus to the Kastels. At every critical juncture, the Kastels only received information from their investment advisors at Mesirow. Never from Nuveen. *See supra*, Part I.B.1.

In summary, Plaintiffs have failed to plead a cause of negligent representation with the specificity required under the Federal Rules. The Complaint fails to plead facts sufficient to support the required elements of the claim (specifically, any misrepresentations, justifiable reliance, and a duty of due care). What little is plead with respect to Nuveen is not plead with specificity under Rule 9(b).

### E. Count VII: The Illinois Securities Act Does Not Apply.

The Illinois Securities Act, 815 ILCS 5/1, *et seq.*, does not apply to the claims in this suit. "In order for the Illinois Securities Act to apply…the transaction must have some physical nexus with Illinois." *Benjamin v. Cablevision Programming Invs.*, 499 N.E.2d 1309, 1316 (Ill. 1986). While Mesirow's and Nuveen's offices are in Illinois,[7] the Complaint admits any relationship with Illinois is tenuous. (Compl. ¶¶ 12, 14.) Plaintiffs

---

[7] Defendant Bremner is a resident of Washington, D.C. (*See* Compl. ¶ 13.)

concede that they "do not do business in Illinois." (*Id*. at ¶ 11.) By its own terms, "the nexus of the fraud and many of the acts took place in North Carolina." (*Id*. at ¶ 22.) The Kastels moved to North Carolina in 2006. (*Id.*) After this relocation, the Kastels invested in Nuveen North Carolina Funds for income tax reasons. (*Id.*) Therefore, the Plaintiffs have plead themselves out of Illinois law. Accordingly, the Complaint fails to sufficiently allege facts creating a physical nexus with the state of Illinois and Count VII should be dismissed.[8]

**F.**   **Count VIII: Plaintiffs' Claims Are Deficient Under the North Carolina Securities Act.**

Plaintiffs' cause of action under the North Carolina Securities Act, N.C. Gen. Stat. § 78A-1, *et seq.*, fails because it does not allege facts sufficient to support a claim against Nuveen as a violator or as an aider-and-abettor of a violation. The Complaint alleges the sale of a security "by means of any untrue statement of material fact or any omission to state a material fact." (Compl. ¶ 97); *see also* N.C. Gen. Stat. § 78A-56(a)(2).

The Complaint fails to identify specific, untrue "statements of material facts" made by Nuveen. *See Sullivan v. Mebane Packaging Group, Inc.*, 581 S.E.2d 452, 463 (N.C. Ct. App. 2003) (defendants did not "actively misstate[ ] any material facts"). As shown above, the Complaint does not allege that Nuveen actively misstated any material facts to the Kastels. Similarly, the Complaint fails to allege "any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading . . . ." N.C. Gen. Stat. § 78A-

---

[8] In the alternative, if the Court does find that Illinois law could apply, Nuveen incorporates by reference its arguments *supra* that Plaintiffs failed to plead required elements of "an untrue statement of material fact or omission" or other fraud as analyzed under 815 ILCS § 5/12.

56(b)(2).  Because Nuveen did not make any statements to Plaintiffs concerning the ARPS, it could not have omitted a material fact to correct such a misleading statement.

To the extent that the Complaint seeks to characterize Nuveen as an abettor of a violation of the North Carolina Securities Act, that allegation fails.  (*See* Compl. ¶ 99.) Such a claim requires: "(1) a primary violation by another person; (2) the aider and abettor's 'knowledge' of the primary violation; and (3) substantial assistance by the aider and abettor in the achievement or consummation of the primary violation."  *Venturtech II v. Deloitte Haskins & Sells*, 790 F. Supp. 576, 589 (E.D.N.C. 1992) (quoting *Schatz v. Rosenberg*, 943 F.2d 485, 495 (4th Cir. 1991)).  Even if the Complaint pleads a cause of action for a "primary violation" against any of the co-defendants, the Complaint cannot support a claim that Nuveen aided and abetted such a violation.

First, the Complaint baldly states that "Nuveen knew that brokers including Mesirow represented that the ARPS were short term, safe liquid securities and that … the Kastels would not have entrusted there [sic] monies if these securities did not fit this profile." (Compl. ¶ 12.)  But how did Nuveen know what Cohen or Mesirow were telling the Kastels?  How could anyone at Nuveen possibly have known the confidential discussions between Plaintiffs and their advisors?  The Complaint is deficient because it is silent on those questions—as they are the second element of the claim.

Second, Nuveen owed no duty to the Kastels to learn about alleged untrue statements made by any broker-dealer selling Nuveen securities, or to seek out and find the Kastels and warn them of the alleged untruth of statements made by broker-dealers. *See Venturetech II*, 790 F. Supp. at 589 (rejecting duty of public accounting firm to

16

venture capital investors).  Indeed, Nuveen owed no duty at all.  *See also supra*, Part I.A.

Finally, in the absence of a duty, the Complaint had to at least plead a "high conscious intent" and a "conscious and specific motivation to aid the fraud."  *Venturetech II*, 790 F. Supp. at 589.  While the Complaint alleges that Nuveen stood to earn fees by merely perpetuating the market for ARPS, that is not legally-sufficient on its own to establish this element.  (*E.g.,* Compl. ¶ 22.)  The law requires more and Plaintiffs have failed to plead anything more.  *See Venturetech II*, 790 F. Supp. at 589 (holding that even issuing "misleading documents that were subsequently relied upon by the plaintiffs is not enough to establish…a 'high conscious intent'" to aid the fraud).

### G.    Count IX: Nuveen And Bremner Lack Criminal Intent to Obtain Property by False Pretense.

The Complaint alleges a violation of the North Carolina criminal code which prohibits obtaining property by false pretenses.  (*See* Compl. ¶¶ 102-103); N.C. Gen. Stat. § 14-100.  While North Carolina law permits civil damages for violations of this section of the criminal code, N.C. Gen. Stat. § 1-538.2(a), Plaintiffs fail to plead the required elements against Nuveen or Bremner.  Specifically, the criminal statute requires that the accused (1) knowingly (2) obtained or attempted to obtain property (3) by means of false pretenses (4) with the intent to cheat or defraud the owner of the property.  N.C. Gen. Stat. § 14-100(a).  Here, the factual allegations of the Complaint are insufficient to support this cause of action.

First, the Complaint fails to specify any particular misrepresentations or "false pretense" on the part of Nuveen or Bremner.  *See supra*, Part I.B.1.  Therefore, this claim

must be dismissed.  Second, the Complaint does not allege that Nuveen or Bremner acted "knowingly and designedly … with *intent to* cheat or defraud" the Kastels. N.C. Gen. Stat. § 14-100(a); *cf. State v. Armstead*, 562 S.E.2d 450, 453 (N.C. Ct. App. 2002) (An indictment alleging violation of § 14-100 "must also allege that defendant *acted with an intent to defraud*.") (emphasis added).  Moreover, even if the Complaint did allege an intentional, knowing criminal act, it fails to adequately implicate Nuveen or Bremner. The Complaint makes only conclusory allegations devoid of factual support that Nuveen or Bremner even had knowledge of—much less *intentionally* involved itself with—the alleged downstream misrepresentations or fraud.  At most, the Complaint seems to plead third-party liability of Nuveen and Bremner for alleged criminal acts by others.  That simply does not satisfy the required *mens rea*.

### H.    Count X: Plaintiffs Fail to Allege Cognizable Emotional Distress.

The Kastels contend that the situation giving rise to this Complaint has "had a major economic and psychological effect on the quality of their lives and health." (Compl. ¶ 29.)  They also state that they have been "forced to sell other securities at a loss" and turn down their son's request for a loan.  (*Id*.)  They imply that "Mesirow's and Nuveen's conduct has caused the Kastels' severe emotion [sic] distress."  (*Id*.)  But these purported injuries are not cognizable under North Carolina law.

Emotional distress is severe only when it involves an "emotional . . . disorder . . . or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so."  *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 395 S.E.2d 85, 97 (N.C. 1990); *see also Ramsey*

18

*v. Harman*, 661 S.E.2d 924, 926-27 (N.C. Ct. App. 2008) (holding that this standard also applies to negligent infliction of emotional distress). The Complaint does not plead any such disorder or condition, nor does it contain any factual allegations which might allow one to infer a cognizable injury. Thus, Count X must be dismissed.[9]

Even if there were cognizable emotional distress—which there is not—Plaintiffs still fail to plead either cause of action for infliction of emotional distress. Intentional infliction of emotional distress requires (1) extreme and outrageous conduct (2) perpetrated with the intent and effect of causing (3) severe emotional distress. *Holleman v. Aiken*, 668 S.E.2d 579, 590 (N.C. Ct. App. 2008). Alternatively, negligent infliction of emotional distress requires negligence by the defendant that causes severe emotional distress which the defendant knew might be the foreseeable result of his negligence. *Johnson*, 395 S.E.2d at 97. First, other than incanting the words "extreme and outrageous," it is not credible for Nuveen's role in these allegations to constitute such conduct. As Plaintiffs admit, the SEC investigated Nuveen's conduct and "refused" to take any action. (*See* Compl. ¶ 1.) Second, other than reciting the words that "[i]t was foreseeable to said Defendants that their conduct described in this complaint would cause and inflict severe emotional distress" upon the Kastels, their admission that Nuveen could not have known the investors behind Mesirow belies such allegations. (*Id*. at ¶¶ 14, 29.)

## II. Certain Remedies Are Not Available To Plaintiff And Should Be Stricken.

The Complaint prays for several varieties of relief. However, some of the relief

---

[9] Count X includes allegations against Nuveen North Carolina Funds, non-parties to this case. All requests for relief as to Nuveen North Carolina Funds should be stricken.

requested is not available under applicable law. In the event that the Court does not dismiss the predicate counts in their entirety against Nuveen, these prayers for relief should be stricken. First, because Count I was not plead against Nuveen, any relief with respect to Nuveen for Count I should be stricken from the prayer. (*Id*. at ¶¶ 61-62; ¶ A). Similarly, because Nuveen North Carolina Funds is not a party to this case, all relief as to those entities should be stricken. (*Id*. at ¶¶ D.1-2, I.1).

Second, punitive damages are unavailable for several counts against Nuveen and Bremner. Punitive damages are not allowed for Rule 10b-5 claims. *Randall v. B.J. Loftsgarden*, 478 U.S. 647, 661 (1986); (*see* Compl. ¶¶ B.4, C.1.) Similarly, punitive or treble damages are not available for negligent infliction of emotional distress. *Middleton v. Russell Group, Ltd.*, 483 S.E.2d 727, 743 (N.C. Ct. App. 1977); (Compl. ¶¶ E.3, I.1.)

Third, the Complaint seeks to invoke equitable remedies (e.g., disgorgement) where legal remedies are sufficient. (*Id*. at ¶¶ E.2, H.2); *see Daugherty v. Cherry Hosp./N.C. Dept. of Health and Human Svcs.*, 670 S.E.2d 915, 919 (N.C. Ct. App. 2009).

## CONCLUSION

Wherefore, for the reasons stated herein, Plaintiffs' First Amended Complaint [Dkt. 30] should be dismissed as to all causes of action plead against Nuveen Investments, Inc.; Nuveen Investments, LLC; and Robert P. Bremner.

Dated: July 9, 2010                  Respectfully submitted,

NUVEEN INVESTMENTS, INC.
NUVEEN INVESTMENTS, LLC
ROBERT P. BREMNER

/s/ Jack M. Knight Jr.
One of its Attorneys
Jack M. Knight Jr. [N.C. Bar No. 21145]
**WINSTON & STRAWN LLP**
214 N. Tryon Street
Charlotte, NC 28202-1078
704.350.7700
704.350.7800 ~ Fax
Email: jknight@winston.com

Bradley C. Graveline
bgraveline@winston.com
Scott C. Walton
swalton@winston.com
Dana E. Schaffner
dschaffner@winston.com
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

<u>**CERTIFICATE OF SERVICE**</u>

  This is to certify that on July 9, 2010, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS NUVEEN'S AND BREMNER'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF System with notice of case activity to be generated and sent electronically by the Clerk of Court to those parties registered to receive such service.

    Mr. Howard H. Kastel
    10393 Holt
    Chapel Hill, North Carolina 27517
    Telephone: 919-933-3181
    Fax: 919-933-4472
    hkastel@nc.rr.com
    *Attorney for Plaintiffs*

    Alan M. Ruley
    Bell Davis & Pitt
    Post Office Box 21029
    Winston-Salem, NC 27120-1029
    Telephone: 336-714-4147
    Fax: 336-722-8153
    Email: aruley@belldavispitt.com
    *Attorneys for Defendant Deutsche Bank AG*

    Dana C. Lumsden
    Bank of America Plaza
    101 South Tryon Street, Suite 3500
    Charlotte, NC 28280
    Telephone: 704-378-4700
    Fax: 704-378-4890
    Email: dlumsden@hunton.com
    *Attorney for Defendants Merrill Lynch & Co. Inc. and CitiGroup Global Markets*

    Ronald R. Davis
    W. Ellis Boyle
    WOMBLE CARLYLE
    One West Fourth Street
    Winston-Salem, NC 27101
    (336) 721-3600
    (336) 721-3660 ~ Fax
    *Attorneys for Defendant Mesirow Financial, Inc.*

This 9th day of July, 2010.

/s/ Jack M. Knight Jr.