IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| HOWARD L. KASTEL, TRUSTEE OF THE HOWARD L. KASTEL TRUST DATED NOVEMBER 13, 1985 and JOAN H. KASTEL, <br><br> Plaintiffs, <br><br> v. <br><br> NUVEEN INVESTMENTS, INC., NUVEEN INVESTMENTS LLC, ROBERT P. BREMNER, MESIROW FINANCIAL INC., LAWRENCE M. COHEN, <br><br> Defendants. | Case No. 1:09-CV-646 |

## MESIROW FINANCIAL, INC. AND LAWRENCE M. COHEN'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendants Mesirow Financial Inc. ("Mesirow") and Lawrence M. Cohen ("Cohen"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Court's Order of November 23, 2010, respectfully move this Court to dismiss with prejudice the Second Amended Complaint (the "Complaint") filed on November 25, 2010 by Plaintiffs Howard Kastel, Trustee of the Howard L. Kastel Trust dated November 13, 1985, and Joan Kastel ("Plaintiffs"). As grounds for this Motion, Mesirow and Cohen rely on the reasons set forth in the accompanying Brief filed simultaneously with this Motion.

1. Plaintiffs have failed to state a claim for relief against Defendants Mesirow and Cohen in their state and federal claims of securities fraud, and common law claims of fraud and negligent misrepresentation, because Plaintiffs' allegations do not meet the

heightened particularity requirements mandated by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(2).

2. Additionally, Plaintiffs have failed to allege particularized facts giving rise to a "strong inference" that Mesirow and Cohen acted with the requisite scienter to support their claims.

3. Plaintiffs' claim for breach of fiduciary duty against Mesirow and Cohen must also fail because neither Mesirow nor Cohen knew, or had reason to know, of the alleged scheme by Nuveen or the possibility of an impending collapse in the ARS market. Further, because Mesirow and Cohen had a nondiscretionary broker relationship with Plaintiffs and owed Plaintiffs no fiduciary duty, neither Mesirow nor Cohen can be deemed to have breached any fiduciary duties to Plaintiffs.

4. Plaintiffs' claims for negligent and intentional infliction of emotional distress are also without merit, as Plaintiffs have failed to plead any facts suggesting that they actually suffered severe emotional distress as a result of the collapse of the ARS market. Moreover, neither Mesirow or nor Cohen are alleged to have engaged in the type of behavior giving rise to a claim for negligent or intentional infliction of emotional distress.

5. Plaintiffs' Second Amended Complaint should be dismissed with prejudice, as the Second Amended Complaint represents Plaintiffs' third attempt to cure deficiencies fatal to their pleadings. As explained further in the Memorandum of Law, after Plaintiffs filed their original complaint on August 21, 2009, counsel for Mesirow

CHIC_5155235.1

sent Plaintiffs a substantive deficiency letter on December 10, 2009 (the "December letter"), setting forth the bases upon which a motion to dismiss would likely be made. Plaintiffs responded to the December letter by amending their complaint, which added Mr. Cohen as a defendant, and slightly altering their allegations against Mesirow. Mesirow and Cohen moved to dismiss the First Amended Complaint on June 11, 2010. On November 25, 2010, Plaintiffs filed their Second Amended Complaint, once again attempting to cure the deficiencies in their pleadings.

6. Because Plaintiffs have had ample opportunity to replead and still have not stated a claim for relief against Defendants Mesirow and Cohen, dismissal of the Second Amended Complaint with prejudice is warranted.

Date: December 23, 2010               Respectfully submitted,

                                      By:    /s/ Ronald Davis
                                      Ronald R. Davis, Esq.
                                      [N.C. Bar No. 20408]
                                      rdavis@wcsr.com
                                      **WOMBLE CARLYLE**
                                      One West Fourth Street
                                      Winston-Salem, North Carolina 27101
                                      (336) 721-3600
                                      (336) 721-3660 ~ Fax

Of counsel:
Dean M. Jeske                         ATTORNEYS FOR DEFENDANTS
FOLEY & LARDNER LLP                   MESIROW FINANCIAL, INC. and
321 North Clark Street, Suite 2800    LAWRENCE COHEN
Chicago, IL 60654
(312) 832-4500
(312) 832-4700 ~ Fax

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alan M. Ruley, Esquire
Bell Davis & Pitt
P.O. Box 21029
Winston-Salem, NC 27120-1029
*Attorney for Defendant Deutsche Bank AG*

| | |
|---|---|
| Jack M. Knight, Jr., Esquire<br>Winston & Strawn LLP<br>214 North Tryon Street<br>Charlotte, NC 28202<br>*Attorney for Defendants Nuveen Investments Inc. and Robert P. Bremner* | Frank E. Emory, Jr., Esquire<br>Dana C. Lumsden, Esquire<br>Patrick P.L. Robson, Esquire<br>Hunton & Williams LLP<br>Bank of America Plaza<br>100 South Tryon Street, Suite 3500<br>Charlotte, NC 28280<br>*Attorneys for Defendants Merrill Lynch & Co. Inc. and CitiGroup Global Markets* |

I hereby certify that on December 23, 2010, I served a copy of the foregoing by placing a copy of same in a First Class mail, postage paid envelope, addressed as follows:

Howard L. Kastel, Esquire
10393 Holt
Chapel Hill, NC 27517

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Professional Limited Liability Company*

By: /s/ Ronald Davis
Ronald R. Davis, Esq.
N.C. Bar No. 20408
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660

*Attorney for Defendants Mesirow Financial, Inc. and Lawrence M. Cohen*