**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | | |
|---|---|---|
| HOWARD L. KASTEL, Trustee of the Howard L. Kastel Trust Dated Nov. 13, 1985, and JOAN H. KASTEL, | ) ) ) ) | Honorable Judge N.C. Tilley, Jr. |
| Plaintiffs, | ) ) | Magistrate Judge Wallace W. Dixon |
| v. | ) ) | No. 1:09-CV-646 |
| NUVEEN INVESTMENTS INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS NUVEEN'S AND BREMNER'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

The allegations in Plaintiffs' scattershot pleading are so far-reaching that they fail to plead any cause of action with sufficient specificity. Plaintiffs, Howard L. Kastel, Trustee of the Howard L. Kastel Trust Dated November 13, 1985, and Joan H. Kastel ("Kastels") filed their Second Amended Complaint ("Complaint") [Dkt. 74] on November 25, 2010. [1] This Complaint—Plaintiffs' third attempt—makes crucial errors which require dismissal of all claims against Defendants Nuveen Investments, Inc. and Nuveen Investments, LLC (collectively "Nuveen"), and against Defendant Robert P. Bremner ("Bremner") under Federal Rule of Civil Procedure 12(b)(6) and applicable law. Accordingly, this motion to dismiss should be granted.

---

[1] The Kastels filed their original complaint on August 21, 2009. As a result of an agreement between the parties, on December 10, 2009, Nuveen and Bremner provided Plaintiffs with a letter, attached hereto as Exhibit 1, detailing the various deficiencies in Plaintiffs' original complaint. The Kastels then filed their First Amended Complaint [Dkt. 30] on April 28, 2010, and Nuveen and Bremner filed a motion to dismiss that complaint [Dkt. 60] on July 9, 2010. Plaintiffs sought leave to amend their complaint and then filed their Second Amended Complaint [Dkt. 74] on November 25, 2010.

The Kastels fail to plead required elements of certain causes of action against Nuveen and Bremner. Where the Complaint arguably does plead those elements, it fails to do so with the requisite specificity under Rule 9(b) and/or the Private Securities Litigation Reform Act ("PSLRA"). The Complaint categorically fails to ascribe material misrepresentations to Nuveen or Bremner. In other counts, the Complaint cannot as a matter of law plead any duty between Nuveen and Bremner and the Kastels because of a variety of intermediaries. Finally, each count is defective because Plaintiffs fail to plead that their purported damages were caused by the conduct of Nuveen and Bremner. Therefore, Counts II through IX as applied against Nuveen and Bremner should be dismissed. Because Count I was not plead against them, there are no claims which can survive against Nuveen and Bremner.

## BACKGROUND

Nuveen Investments, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Nuveen Investments, LLC is an affiliate of Nuveen Investments, Inc., also located in Chicago. Bremner is the Chairman of the Board of Trustees of closed-end funds managed by an affiliate of Nuveen Investments, Inc. The Complaint alleges various misconduct on the part of these three defendants along with a two co-defendants.

The Complaint alleges that when the market collapsed in February 2008 for auction rate securities purchased on the Kastels' behalf by Defendants Lawrence M. Cohen ("Cohen") and Mesirow Financial Inc. ("Mesirow"), the Kastels were injured. The Complaint principally charges that Plaintiffs were injured by the "loss of interest"

that they could have earned.  (Compl. ¶ 60.)

The Kastels' Complaint is clear on one important point:  the Kastels' "Investment Advisor" was Lawrence Cohen, a Senior Managing Director at Mesirow.  (*Id*. at ¶ 10.) The Kastels "reposed great trust and confidence in Cohen."  (*Id*.)  The Kastels had a number of "Client Agreements" with Mesirow and have had a direct relationship with Mesirow for many years—at least since 1988.  (*Id.* at ¶¶ 6, 9, 10.)  Howard Kastel has known Cohen since the early 1970s.  (*Id.* at ¶ 10.)  The Complaint describes no relationship between Nuveen and Bremner and the Kastels.

The securities the Kastels allege they purchased were Auction Rate Preferred Securities ("ARPS") issued by certain closed-end funds managed by Nuveen Asset Management (the "Nuveen Funds"), an affiliate of Nuveen Investments Inc.  Mesirow, a sophisticated broker, had access to the relevant auctions.  (*See id.* at ¶ 14.)  The Kastels designated Cohen and Mesirow to make investments on their behalf consistent with guidelines communicated only to Cohen and Mesirow.  "Cohen and Mesirow knew the Kastels' goals and objectives were focused on liquidity and minimal risk."  (*Id*. at ¶ 34.) Mesirow and Cohen engaged in all of the conversations with the Kastels alleged in this Complaint, and also, therefore, were the only parties to the conduct, misrepresentations, or omissions giving rise to this suit.

The Complaint candidly admits that Nuveen did not keep a record of Mesirow's customers, including the identity of the Kastels.  (*Id*. at ¶ 19.)  That is, Nuveen did not and could not misrepresent anything to the Kastels nor disclose anything to them; indeed, Nuveen had know way of knowing the Kastels had purchased these securities.  Further,

the Complaint fails to allege any direct communication whatsoever between Nuveen and the Kastels.

## ARGUMENT

When the allegations of the Complaint are construed in a light most favorable to Plaintiffs, drawing all reasonable inferences therefrom, and accepting as true all well-pled facts and allegations, the causes of action against Nuveen and Bremner fail to state claims upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claims as stated in the Complaint are facially implausible. *See Starling v. Alexander Place Townhome Ass'n, Inc.*, No. COA09-640, 2010 WL 916388, at *2 (N.C. Ct. App. Mar. 16, 2010) (requiring dismissal where complaint lacks support in law, reveals insufficient facts to make a good claim, or discloses a fact that necessarily defeats the claim). The Complaint, therefore, renders discovery unnecessary.

## I.     The Complaint Fails To Plead Counts II Through IX With Requisite Specificity.

The Complaint fails to plead necessary elements of Counts II – IX with the requisite specificity.[2] In several counts, the Complaint fails entirely to allege required elements of the claims against Nuveen and Bremner. And where the Complaint does allege the legal elements, it does not do so with the necessary specificity or with the factual support required to survive a motion to dismiss. Heightened pleading standards are applicable under both Rule 9(b) and the PSLRA because the claims allege fraud.

---

[2] The Complaint does not plead Counts I and IV against Nuveen (Compl. ¶¶ 62-64, 80-83), and does not plead Counts I, II, V, VI, VII, VIII, or IX against Bremner. (*Id.* at ¶¶ 62-64, 65-68, 84-88, 89-92, 93-98, 99-101, 102-109.)

4

On the whole, the counts suffer three fatal defects: (1) there is no legal duty (fiduciary or otherwise) between Nuveen and Bremner and the Kastels; (2) there are no false statements by Nuveen or Bremner described in the Complaint; and (3) even if there were, which there are not, Nuveen and Bremner are too far removed from the transactions at issue for there to be causation. These flaws are determinative.

## A. Count II: The Allegations Cannot Support Any Fiduciary Duty.

Count II asserts a claim for breach of fiduciary duty, constructive fraud for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and constructive fraud against Nuveen.

### 1. Nuveen Does Not Owe the Kastels a Fiduciary Duty.

As an initial matter, the Complaint fails to describe a fiduciary duty between Nuveen and the Kastels. Under North Carolina law, a plaintiff must allege that a fiduciary relationship existed and that the fiduciary failed to act in good faith and with due respect to the plaintiff's interests. *Nakell v. Liner Yankelevitz Sunshine & Regenstreif LLP*, 394 F. Supp. 2d 762, 771 (M.D.N.C. 2005). The Katels' allegations relating to the existence of a fiduciary duty between Nuveen and the Kastels appear to be based upon what Plaintiffs describe as a co-broker relationship between Nuveen and Mesirow:

> Nuveen acted as a co-broker with Mesirow on the transactions engaged in by Mesirow and shared the fees with Mesirow for said transactions. As a result of its undisclosed co-broker status, Nuveen owed the same duties to Mesirow customers including the Kastels.

(Compl. ¶ 20; *see also id.* at ¶ 42.) These allegations are legally insufficient to support

any claim for breach of fiduciary duty.

The Complaint fails to (a) identify a direct relationship between the Kastels and Nuveen, or (b) establish any sort of "special confidence" or trust between Nuveen and the Kastels. Both elements are required for this cause of action to proceed to discovery. To the contrary, the Complaint reveals that there was never a relationship between Nuveen and the Kastels—much less a fiduciary relationship. (*See id*. at ¶ 19 (admitting that Nuveen could not have even known the Kastels' names).) All of the Kastels' purchases were facilitated by their advisor, Cohen. (*Id.* at ¶¶ 23-25.) "'A fiduciary duty arises when there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence.'" *Kucmierz v. Four Oaks Bank & Trust Co.*, No. COA09-491, 2010 WL 157550, at *4 (N.C. Ct. App. Jan. 19, 2010) (unreported table decision) (quoting *Branch Banking & Trust Co. v. Thompson*, 418 S.E. 2d 694, 699 (N.C. Ct. App. 1992)). The Complaint asks this Court to find a "special confidence" between a broker-dealer and any downstream, indirect buyer of an investment vehicle. There is no legal support for such an extension of settled law.

The relationship alleged in the Complaint is far-removed from a fiduciary one. Plaintiffs allege no contract executed by Nuveen and the Kastels nor any communications. Indeed, throughout the Complaint, it is obvious that Nuveen is two or three steps removed from any of the conduct at issue. (*E.g.*, Compl. ¶ 31 ("Mesirow and Cohen had a 'special duty' to its [sic] customers"); ¶ 10 ("Cohen was the Kastels' Investment Adviser for more than 20 years and the Kastels enjoyed a relationship of trust

6

and confidence with Cohen and Mesirow").)

There is no magic to the words "sponsor," "issuer," "underwriter," "broker dealer," "co-broker dealer" or any other role ascribed to Nuveen in the Complaint. (*Id*. at ¶ 7.) None of these terms imply any sort of "special confidence" beyond a plain commercial transaction. *See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 244-47 (Cal. Ct. App. 2007) (dismissing breach of fiduciary duty claims by investor against broker-dealer for want of any confidential relationship). Nor is there any factual support for the conclusory allegation that Nuveen was "liable along with Mesirow" simply by virtue of their relationship with the closed-end funds that for many years prior offered the ARPS for sale to most of the major broker-dealer firms. (*See* Compl. ¶ 65.) If that were so, any wholesale lender or seller of a good would be elevated to fiduciary status with *any* downstream, indirect lendee or buyer. Such a contention is at once impractical and contrary to existing black-letter law. Accordingly, the Complaint fails to allege facts sufficient to support Count II and, in fact, admits facts which preclude any finding of a fiduciary relationship.

## 2. The Complaint Fails to Establish a Claim for Constructive Fraud or Aiding and Abetting a Breach of Fiduciary Duty.

In order to state a claim for constructive fraud, Plaintiffs must allege "(1) a relationship of trust and confidence, (2) that the defendant took advantage of that position of trust in order to benefit himself, and (3) that plaintiff was, as a result, injured." *White v. Consolidated Planning, Inc.*, 603 S.E. 2d 147, 156 (N.C. Ct. App. 2004). The Complaint does not establish the existence of any relationship between Nuveen and the

Kastels, let alone one that was based on trust or confidence. Indeed, the Kastels repeatedly allege that they were in a relationship of trust and confidence with Mesirow, not Nuveen. (*See* Compl. ¶ 66.) Moreover, the fact that Nuveen received fees from Mesirow does not satisfy a claim for constructive fraud against Nuveen.[3]

The Complaint likewise fails to allege a sustainable claim of aiding and abetting a breach of fiduciary duty. The elements of a claim for aiding and abetting a breach of fiduciary duty are: "(1) the existence of a [violation of a fiduciary duty] by the primary party; (2) knowledge of the violation on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in the achievement of the primary violation." *Blow v. Shaughnessy*, 364 S.E.2d 444, 447 (N.C. Ct. App. 1988). In order to sustain a claim against Nuveen, the Kastels would need to plead facts showing that Nuveen had actual knowledge of a breach of fiduciary duty by Mesirow. *Moseley v. Arth*, 2003 Bankr. LEXIS 1437, at **51-52 (Bankr. M.D.N.C. Oct. 9, 2003). The Kastels claim that Mesirow and Nuveen "aided and abetted the others' breach of trust," (Compl. ¶ 21), yet there are no facts to support that Nuveen had actual, or even circumstantial, knowledge that Mesirow "breached its fiduciary duty to the Kastels by investing in the ARPS that did not comply with the Kastel's [sic] stated investment goals and objectives." (*Id*. at ¶ 67.) Accordingly, Count II cannot withstand dismissal.

---

[3] *See White*, 603 S.E. 2d at 156 ("A plaintiff must allege that the benefit sought was more than a continued relationship with the plaintiff or payment of a fee to a defendant for work it actually performed."); *Sterner v. Penn*, 583 S.E. 2d 670, 674 (N.C. Ct. App. 2003) (holding that the payment of commissions for transactions actually performed is not sufficient to withstand a motion to dismiss).

**B. Counts III – IV: The Complaint Fails to Plead Violations of the Securities Exchange Act Against Nuveen and Bremner[4].**

Count III alleges violations of Section 10(b) and Rule 10b-5 and Count IV urges the liability of the "controlling person," Bremner, for such violation, if proven. To state a claim under Section 10(b) and Rule 10b-5, Plaintiffs must demonstrate that: "'(1) the defendant made a false statement or omission of material fact (2) with scienter (3) upon which the plaintiff justifiably relied (4) that proximately caused the plaintiff's damage.'" *In re Cree, Inc. Sec. Litig.*, No. 1:03CV00549, 2005 WL 1847004, at *2 (M.D.N.C. Aug. 2, 2005) (*quoting Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 613 (4th Cir. 1999)). Because Plaintiffs failed to plead any of the four elements, these claims should be dismissed.

**1. There are No False Statements of Material Fact Alleged Against Nuveen or Bremner Upon Which the Kastels Justifiably Relied.**

As discussed above, the Complaint fails to identify any "false statement of material fact" by Nuveen or Bremner. In fact, the Complaint admits that Nuveen and Bremner did not know the Kastels purchased any securities, and therefore, there could have been no statements at all made to the Kastels. (*See* Compl. ¶ 19.) This failure violates the well-established principle that "a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." *In re Cree*, 2005 WL 1847004, at *3 (quoting *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2nd Cir. 1990)). Here, the gravamen of the Complaint is that Nuveen and Bremner failed to make statements to the individual investors in the ARPS at issue, not that their statements were not true. (*See* Compl. ¶¶ 1, 15, 28.) The Complaint forces

---

[4] The Complaint does not plead Count IV Against Nuveen. (Compl. ¶¶ 80-83.)

Nuveen and Bremner to shadow-box Plaintiffs' claims. Shadow-boxing is foreclosed by the requirement of specificity under Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). *See* 15 U.S.C. § 78u-4(b)(1)(B); *In re Inspire Pharms. Inc. Sec. Litig.*, 515 F. Supp. 2d 631, 636 (M.D.N.C. 2007) ("If a complaint fails to state sufficient facts to permit a reasonable person to find that the defendant made a false or misleading statement, the motion to dismiss should be granted."). By not identifying specific statements attributable to Nuveen or Bremner, Plaintiffs also cannot plead that their reliance on such statements was justifiable.

Plaintiffs cannot meet the two specific exceptions for proof of a false statement, either. That is because, as shown above, Nuveen and Bremner did not have a "duty to disclose" to the Kastels. Accordingly, they cannot violate Section 10(b) by an omission. *In re Mutual Funds Inv. Litig.*, 566 F.3d 111, 120 (4th Cir. 2009). Nor has the Complaint shown "fraud on the market" because it does not identify untrue public statements made by Nuveen or Bremner. *Id.* The statements to the investors are not alleged to be untrue. (Compl. ¶¶ 44, 46.)

### 2. Plaintiffs Fail to Plead Scienter Required Under PSLRA.

Even if the allegations of the Complaint imply a false statement, which they do not, Plaintiffs have not plead scienter with specificity. 15 U.S.C. § 78u-4(b)(2); *see Ottmann v. Hanger Orthopedic Group, Inc.*, 353 F.3d 338, 344 (4th Cir. 2003) ("The PSLRA thus 'seek[s] to heighten the standard for pleading scienter . . . .'") (quoting *Phillips*, 190 F.3d at 620). With respect to Nuveen's alleged conduct, Plaintiffs merely plead that Nuveen would continue to receive fees by participating in the ARPS market.

10

(*See* Compl. ¶ 20 (alleging Mesirow "shared the fees" with Nuveen); ¶ 31.) This is legally insufficient. *See Ottmann*, 353 F.3d at 352 ("[C]ourts have repeatedly rejected these types of generalized [financial] motives—which are shared by *all* companies—as insufficient to plead scienter under the PSLRA") (emphasis in original).[5]

### 3. Plaintiffs' Allegations Do Not Connect Nuveen or Bremner As a Cause of their Purported Loss.

The Complaint merely details bad acts by the Kastels' investment advisors, and then casts a broad net to capture anyone associated with the investments.[6] The allegations remain bare. Specifically, the Complaint does not establish proximate cause or "loss causation"—i.e., "that the material misrepresentations or omissions alleged actually caused the loss for which the plaintiff seeks damages." *In re Mutual Funds Inv. Litig.*, 566 F.3d at 120. This claim cannot survive dismissal because the Complaint does not set forth sufficient facts to show that it was misrepresentations or omissions by Nuveen, as opposed to the widespread financial crisis of 2008, that caused the ARPS to lose liquidity.[7]

Despite the Kastels' denial of any connection between the ARPS auction failures and the credit crisis, it is undeniable that at the time of the crisis, some investors lost liquidity in their investments. (*E.g.*, Compl. ¶ 28, ¶ 48.) Yet, the investments at-suit have fared better than most other funds, securities, stocks, bonds and other investment

---

[5] *See In re Citigroup Auction Rate Sec. Litig.*, No. 08 Civ. 3095, 2009 WL 2914370, at *6 (S.D.N.Y. Sept. 11, 2009) ("Courts have repeatedly rejected conclusory allegations regarding the motivation to earn unspecified fees as a basis for inferring scienter.").

[6] Nuveen cannot be held liable for false statements made by others. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 176-77 (1994).

[7] *See Healthcare Fin. Group Inc. v. Bank Leumi USA*, 669 F. Supp. 2d 344, 349-50 (S.D.N.Y. 2009) (dismissing Section 10(b) claims because the plaintiffs failed to allege that misrepresentations or omissions regarding the liquidity of the ARPS caused their loss).

vehicles during the same period.[8] Section 10(b) does not require broker-dealers to become insurers against the risks associated with the investments that they issue. *See McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 425 & n.3 (3rd Cir. 2007). Even still, the Complaint does not allege that the Plaintiffs have been deprived permanently of the ARPS. Indeed, the Complaint admits a substantial portion of the shares have been redeemed since the first filing of a complaint in this matter. (Compl. ¶¶ 50-51, 55.) A Section 10(b) cause of action simply does not lie against Nuveen or Bremner under the circumstances described in this Complaint.

### C. Count V: The Complaint Fails to Plead Fraud With Particularity.

The second major thread of the allegations against Nuveen is allegations of fraud. The Kastels allege common law fraud against Nuveen for "material misrepresentations or omissions," specifically "false information regarding the liquidity of the ARPS." (*Id.* at ¶¶ 81-82.) But despite some conclusory allegations—which are insufficient under Rule 9(b)—the Complaint fails to identify specific untrue statements made by Nuveen. Fraud requires: "(1) [f]alse representation or *concealment* of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Kucmierz*, 2010 WL 157550, at *3 (citation omitted) (emphasis in original). Plaintiffs fail to plead either fraudulent misrepresentation or concealment with the particularity required by Rule 9(b).

---

[8] Consider, for example, that if the Kastels had invested in Citigroup, Inc.'s common stock [NYSE: C] on August 17, 2007 (Compl. ¶ 25), instead of the ARPS in this suit, as of the date of the Complaint, Plaintiffs would have lost approximately 90% of their investment.

## 1.    No False Statements are Directly Attributed to Nuveen.

Even interpreting the Complaint in a light most favorable to Plaintiffs—as the Court must—there are no allegations of false statements by Nuveen.  Although the Complaint makes much of the fact that Nuveen did not provide the Kastels with prospectuses (Compl ¶¶ 30, 35, 37, 40), in reality, there were no prospectuses given to the Kastels by Nuveen because the ARPS held by the Kastels were purchased in secondary market transactions which do not require delivery of prospectuses.

There are no specific allegations regarding Nuveen's marketing materials, including any examples of untrue statements.  (*Id*. at ¶ 46.)  And even if the materials contained "misleading and incomplete disclosures," Plaintiffs admit they did not "discover" such materials until long after they had made their investments and the market had collapsed.  (*See id*.)  There is no allegation that the Kastels saw any Nuveen-issued materials before they purchased their securities or relied upon any misstatements in such materials.  Moreover, with respect to statements made by Nuveen to the public and to the agencies about its intention to redeem the ARPS, the Complaint reveals Nuveen has, in fact, done as it said it would.  (*Compare id.* at ¶ 49 *with* ¶¶ 50-51 (detailing that Nuveen has redeemed 65 shares since August 2009).)[9]

## 2.    Nor Did Plaintiffs Plead Fraud by Omission.

As far as omissions, there is no factual support in the Complaint for any suggestion that Defendants Cohen or Mesirow advised Nuveen of what they were telling their investors, including the Kastels.  (*See id.* at ¶ 26 (detailing twenty-eight alleged

---

[9] These redemptions represent a total of $1.7 million that has been paid to Plaintiffs.  (Compl. ¶ 51.)

omissions attributed to Cohen).)  Indeed, even if Nuveen could or did know of alleged misrepresentations by these defendants, the Kastels concede that Nuveen would have had no way of warning them.  (*Id*. at ¶ 19.)  "[F]raud by omission is, by its very nature, difficult to plead with particularity."  *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 195 (M.D.N.C. 1997) (citation omitted).  This Complaint lacks the details demanded by the Rules.

Moreover, in order to prove fraud by omission, the Complaint must describe the "relationship or situation giving rise to the duty to speak" owed by Nuveen.  *Id.* at 195. As shown above, Plaintiffs allege no fiduciary relationship and Nuveen incorporates by reference its discussion of the failure to plead a fiduciary duty here.  At most, the Complaint describes an indirect relationship between Nuveen and the Kastels.  That is insufficient.

Outside of the fiduciary context, even if the Court were to find a relationship that amounts to something more than an indirect relationship between the Kastels and Nuveen, the Complaint would also have to plead that the Plaintiffs were "both ignorant and unable to discover through reasonable diligence" the material facts allegedly withheld.  *Id.* at 196.  In this regard, the Complaint fails to plead how *Nuveen* prevented the Kastels from learning about their investments, the risks, illiquidity, the benefits, or any other information.  Indeed, any barriers to complete information alleged in the Complaint were Defendants Cohen and Mesirow.  (*See* Compl. ¶ 1.)

**D.** **Count VI: The Complaint Cannot Support a Negligent Misrepresentation Cause of Action against Nuveen.**

The Complaint charges Mesirow and Nuveen with negligent misrepresentation. (Compl. ¶¶ 89-92.) However, this count suffers from two familiar infirmities: (a) that Plaintiffs failed to allege any misrepresentations from Nuveen and (b) that Nuveen owed the Kastels a duty of care. Accordingly, Nuveen incorporates the arguments above by reference here. There are no misrepresentations attributed to Nuveen. And the Complaint shows that Nuveen simply had no direct relationship—much less one characterized by trust and confidence—with the Plaintiffs. Rather, every bit of information received by the Kastels' was through other defendants.

To state a claim for negligent misrepresentation, a complaint must fully describe how "(1) a party justifiably relies, (2) to his detriment, (3) on information prepared without reasonable care, (4) by one who owed the relying party a duty of care." *Brinkman v. Barrett Kays & Assocs., P.A.*, 575 S.E.2d 40, 43-44 (N.C. Ct. App. 2003) (quoting *Simms v. Prudential Life Ins. Co. of Am.*, 537 S.E.2d 237, 240 (N.C. Ct. App. 2000)). The heightened pleading standards of Rule 9(b) apply equally to this cause of action. *Breeden*, 171 F.R.D. at 199.

Again, the Complaint fails to identify misrepresentations *made by Nuveen*. The Complaint makes clear that the Kastels never received a prospectus—Nuveen was not required to deliver a prospectus to the Kastels. At every critical juncture, the Kastels only received information from their investment advisors at Mesirow. Never from Nuveen. *See supra*, Part I.B.1.

15

In summary, Plaintiffs have failed to plead a cause of negligent representation with the specificity required under the Federal Rules. The Complaint fails to plead facts sufficient to support the required elements of the claim (specifically, any misrepresentations, justifiable reliance, and a duty of due care). What little is plead with respect to Nuveen is not plead with specificity under Rule 9(b).

### E. Count VII: The Illinois Securities Act Does Not Apply.

The elements of a claim under Illinois Securities Act, 815 ILCS 5/1, *et seq.*, are parallel to the elements of a claim under Section 10(b) and Rule 10b-5. *Rezin v. Brust*, No. 03 C 383, 2003 U.S. Dist. LEXIS 19681, at *14 (N.D. Ill. Oct. 31, 2003). For the same reasons set forth *supra*, and incorporated here by reference, Plaintiffs fail to plead required elements of "any untrue statement of a material fact or any omission" or other fraud as analyzed under 815 ILCS § 5/12. Accordingly, Count VII should be dismissed.

### F. Count VIII: Plaintiffs' Claims Are Deficient Under the North Carolina Securities Act.

Plaintiffs' cause of action under the North Carolina Securities Act, N.C. Gen. Stat. § 78A-1, *et seq.*, fails because it does not allege facts sufficient to support a claim against Nuveen as a violator or as an aider-and-abettor of a violation. The Complaint alleges the sale of the ARPS to the Kastels "by means of untrue statements of material facts and omissions to state material facts." (Compl. ¶ 100); *see also* N.C. Gen. Stat. § 78A-56(a)(2). However, the Complaint fails to identify specific, untrue "statements of material facts" made by Nuveen. *See Sullivan v. Mebane Packaging Group, Inc.*, 581 S.E.2d 452, 463 (N.C. Ct. App. 2003) (defendants did not "actively misstate[ ] any

material facts"). As shown above, the Complaint does not allege that Nuveen actively misstated any material facts to the Kastels. Similarly, the Complaint fails to allege "any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading . . . ." N.C. Gen. Stat. § 78A-56(b)(2). Because Nuveen did not make any statements to Plaintiffs concerning the ARPS, it could not have omitted a material fact to correct such a misleading statement.

To the extent that the Complaint seeks to characterize Nuveen as an abettor of a violation of the North Carolina Securities Act, that allegation fails. (*See* Compl. ¶ 99.) Such a claim requires: "(1) a primary violation by another person; (2) the aider and abettor's 'knowledge' of the primary violation; and (3) substantial assistance by the aider and abettor in the achievement or consummation of the primary violation." *Venturtech II v. Deloitte Haskins & Sells*, 790 F. Supp. 576, 589 (E.D.N.C. 1992) (citation omitted). Even if the Complaint pleads a cause of action for a "primary violation" against any of the co-defendants, the Complaint cannot support a claim that Nuveen aided and abetted such a violation.

First, the Complaint baldly states that Nuveen knew that "downstream brokers were marketing Auction Rate Securities as the 'conservative's conservative' investment." (Compl. ¶ 42.) But how did Nuveen know what Cohen or Mesirow were telling the Kastels? The Complaint does not say. The Complaint also states that Mesirow did not discuss liquidity issues with the Kastels, and "Cohen knew that the Kastels were risk adverse [sic] and considered the Nuveen ARPS as cash-like investments." (*Id.* at ¶ 34.)

17

How could anyone at Nuveen possibly have known the confidential discussions between Plaintiffs and their advisors? The Complaint is deficient because it is silent on those questions—as they are the second element of the claim.

Second, Nuveen owed no duty to the Kastels to learn about alleged untrue statements made by any broker-dealer selling Nuveen securities, or to seek out and find the Kastels and warn them of the alleged untruth of statements made by broker-dealers. *See Venturetech II*, 790 F. Supp. at 589 (rejecting duty of public accounting firm to venture capital investors). Indeed, Nuveen owed no duty at all. *See also supra*, Part I.A.

Finally, in the absence of a duty, the Complaint had to at least plead a "high conscious intent" and a "conscious and specific motivation to aid the fraud." *Venturetech II*, 790 F. Supp. at 589 (citation omitted). While the Complaint alleges that Nuveen stood to earn fees by merely perpetuating the market for ARPS, that is not legally-sufficient on its own to establish this element. (*E.g.,* Compl. ¶ 20.) The law requires more and Plaintiffs have failed to plead anything more. *See Venturetech II*, 790 F. Supp. at 589 (holding that even issuing "misleading documents that were subsequently relied upon by the plaintiffs is not enough to establish . . . a 'high conscious intent'" to aid the fraud).

### G. Count IX: Plaintiffs Fail to Allege Cognizable Emotional Distress.

The Kastels contend that the situation giving rise to this Complaint has "had an immediate foreseeable major economic and psychological effect on the quality of their lives and health." (Compl. ¶ 55.) They also state that they have been "forced to sell other securities at a loss" and turn down their son's request for a loan. (*Id*.) They imply that "Mesirow's and Nuveen's conduct has caused the Kastels' severe emotion [sic] distress."

(*Id.*)  But these purported injuries are not cognizable under North Carolina law.

Emotional distress is severe only when it involves an "emotional . . . disorder . . . or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so."  *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 395 S.E.2d 85, 97 (N.C. 1990); *see also Ramsey v. Harman*, 661 S.E.2d 924, 926-27 (N.C. Ct. App. 2008) (holding that this standard also applies to negligent infliction of emotional distress).  The Complaint does not plead any such disorder or condition, nor does it contain any factual allegations which might allow one to infer a cognizable injury.  Thus, Count IX must be dismissed.[10]

Even if there were cognizable emotional distress—which there is not—Plaintiffs still fail to plead either cause of action for infliction of emotional distress.  Intentional infliction of emotional distress requires (1) extreme and outrageous conduct (2) perpetrated with the intent and effect of causing (3) severe emotional distress.  *Holleman v. Aiken*, 668 S.E.2d 579, 590 (N.C. Ct. App. 2008).  Alternatively, negligent infliction of emotional distress requires negligence by the defendant that causes severe emotional distress which the defendant knew might be the foreseeable result of his negligence.  *Johnson*, 395 S.E.2d at 97.  First, other than Plaintiffs' incantation of the words "extreme and outrageous," it is not credible that Nuveen's role in these transactions constituted such conduct.[11]  Second, while Plaintiffs' recite the words that "[i]t was foreseeable to said Defendants that their conduct described in this complaint would cause and inflict

---

[10] Count IX includes allegations against Nuveen North Carolina Funds, non-parties to this case.  All requests for relief as to Nuveen North Carolina Funds should be stricken.

[11] Indeed, the Complaint admits that no one from Nuveen ever met the Kastels and Nuveen had no way of knowing the Kastels purchased the securities.  (*See* Compl. ¶ 19.)

severe emotional distress" upon the Kastels, their admission that Nuveen could not have known the investors behind Mesirow belies such allegations. (*Id*. at ¶¶ 17, 55.)

## II. Certain Remedies Are Not Available To Plaintiffs And Should Be Stricken.

The Complaint prays for several varieties of relief. However, some of the relief requested is not available under applicable law. In the event that the Court does not dismiss the predicate counts in their entirety against Nuveen, these prayers for relief should be stricken. First, because Count I was not plead against Nuveen, any relief with respect to Nuveen for Count I should be stricken from the prayer. (*Id*. at ¶¶ 62-64; ¶¶ A.1-4.) Similarly, because Nuveen North Carolina Funds is not a party to this case, all relief as to those entities should be stricken. (*Id*. at ¶¶ D.1-2.)

Second, punitive damages are unavailable for several counts against Nuveen and Bremner. Punitive damages are not allowed for Rule 10b-5 claims. *Randall v. B.J. Loftsgarden*, 478 U.S. 647, 661 (1986); (Compl. ¶¶ B.4, C.1.) Similarly, punitive or treble damages are not available for negligent infliction of emotional distress. *Middleton v. Russell Group, Ltd.*, 483 S.E.2d 727, 743 (N.C. Ct. App. 1977); (Compl. ¶ H.1.)

Third, the Complaint seeks to invoke equitable remedies (e.g., disgorgement) where legal remedies are sufficient. *See Daugherty v. Cherry Hosp./N.C. Dept. of Health and Human Svcs.*, 670 S.E.2d 915, 919 (N.C. Ct. App. 2009); (Compl. ¶¶ D.3, E.2);

## CONCLUSION

Wherefore, for the reasons stated herein, Plaintiffs' Second Amended Complaint [Dkt. 74] should be dismissed as to all causes of action plead against Nuveen Investments, Inc.; Nuveen Investments, LLC; and Robert P. Bremner.

Dated: December 27, 2010          Respectfully submitted,

NUVEEN INVESTMENTS, INC.
NUVEEN INVESTMENTS, LLC
ROBERT P. BREMNER

<u>/s/ Jack M. Knight Jr.</u>
One of Their Attorneys
Jack M. Knight Jr. [N.C. Bar No. 21145]
**WINSTON & STRAWN LLP**
214 N. Tryon Street
Charlotte, NC 28202-1078
704.350.7700
704.350.7800 ~ Fax
Email: jknight@winston.com

Bradley C. Graveline
bgraveline@winston.com
Dana E. Schaffner
dschaffner@winston.com
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

21

## CERTIFICATE OF SERVICE

This is to certify that on December 27, 2010, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS NUVEEN'S AND BREMNER'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF System with notice of case activity to be generated and sent electronically by the Clerk of Court to those parties registered to receive such service.

Mr. Howard H. Kastel
10393 Holt
Chapel Hill, North Carolina 27517
Telephone: 919-933-3181
Fax: 919-933-4472
hkastel@nc.rr.com
*Attorney for Plaintiffs*

Ronald R. Davis
W. Ellis Boyle
WOMBLE CARLYLE
One West Fourth Street
Winston-Salem, NC 27101
(336) 721-3600
(336) 721-3660 ~ Fax
*Attorneys for Defendant Mesirow Financial, Inc.*

This 27th day of December, 2010.

/s/ Jack M. Knight Jr.