IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| HOWARD L. KASTEL, Trustee of the Howard L. Kastel Trust Dated Nov. 13, 1985, and JOAN H. KASTEL,<br><br>Plaintiffs,<br><br>v.<br><br>NUVEEN INVESTMENTS INC., *et al.*,<br><br>Defendants. | Honorable Judge N.C. Tilley, Jr.<br><br>Magistrate Judge Wallace W. Dixon<br><br>No. 1:09-CV-646 |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS NUVEEN'S AND BREMNER'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

The Kastels' response to Defendants Nuveen's and Bremner's motion to dismiss Plaintiffs' second amended complaint ("the Complaint") suffers from the same infirmities as the Complaint itself — a universal lack of specific facts and legal support for Plaintiffs' myriad allegations. In their response, Plaintiffs do little or nothing to overcome the fatal flaws identified in Nuveen's and Bremner's opening brief.

Plaintiffs' breach of fiduciary duty claims against Defendant Nuveen cannot survive dismissal because Plaintiffs have not established a threshold element of the claim, namely that a fiduciary relationship existed between Nuveen and the Kastels. Yet, instead of providing legal authority or facts to support their claim, in Plaintiffs' response they rely upon the same legally inaccurate assertions that Nuveen owed the Kastels a fiduciary duty and/or a duty to disclose material information. The facts alleged by Plaintiffs do not warrant, or even reasonably support, a finding of a fiduciary relationship between Nuveen

and the Kastels. Indeed, the only direct customer relationship alleged in the Complaint is the relationship between the Kastels and Defendants Mesirow and Cohen.

Plaintiffs fail to plead their various fraud claims and negligent misrepresentation claim with the requisite particularity. Plaintiffs' repeated recitation of conclusory allegations in both the Complaint and Plaintiffs' response brief fail to provide Nuveen and Bremner with any information about the false or misleading statements they supposedly made to the Kastels. In their response, Plaintiffs put their reliance on a purported "duty to disclose." Yet, Nuveen and Bremner could not have been under any such duty where, as here, there was no fiduciary relationship, or other relationship of closeness or trust, between them and the Kastels.

Plaintiffs' emotional distress claim cannot survive dismissal because it is deficiently pled and wholly unsupported by factual allegations. The "distress" described by the Kastels cannot plausibly be characterized as severe, and the conduct the Complaint attributes to Nuveen was plainly not extreme and outrageous such that Plaintiffs can make a colorable claim for relief.

These defects are all fatal to Plaintiffs' claims. Moreover, even after being given the opportunity to answer for the serious deficiencies pointed out by Nuveen and Bremner, Plaintiffs confirm these deficiencies rather than defeat them. The Kastels have had numerous opportunities over the past year and a half to properly state their claims.[1] Having consistently failed to do so, Counts II-IX of the Complaint should be dismissed

---

[1] The Kastels filed their original complaint on August 21, 2009, their First Amended Complaint (Doc. No. 30) on April 28, 2010, and their Second Amended Complaint (Doc. No. 74) on November 25, 2010.

with prejudice in their entirety.[2]

## I. Nuveen And The Kastels Did Not Have A Fiduciary Relationship

Neither the allegations underlying Count II of the Complaint nor Plaintiffs' response to Defendants' motions to dismiss set forth any legal support for Plaintiffs' claim that Nuveen owed the Kastels a fiduciary duty, let alone that Nuveen breached that duty. Indeed, no such duty can be established because Nuveen merely served as an auction participant and acted at the direction of the Kastels' financial advisors, Defendants Mesirow and Cohen, with respect to the ARPS purchased by the Kastels. The Kastels were never customers of Nuveen. *See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 244-247 (Cal. Ct. App. 2007) (dismissing breach of fiduciary duty claims against a broker-dealer where the investors were not the broker-dealer's customers).[3] Nuveen did not have a direct relationship or a special confidence such that the Court could reasonably determine that Nuveen owed the Kastels a fiduciary duty. Plaintiffs do not save their claim by calling Nuveen a "co-broker" (Compl. ¶ 20, ¶ 42) or "co-fiduciary" (Pls.' Resp. Br. at 15), because the Complaint unequivocally establishes that the Kastels purchased their ARPS through their investment adviser, Defendant Cohen, and did not have a customer relationship with Nuveen. (Compl. ¶¶ 23-25.) The Kastels have not offered any sufficient facts or valid legal support for their

---

[2] In their response brief, Plaintiffs do not respond directly to Nuveen's and Bremner's motion to dismiss Counts VII and VIII. Accordingly, and with reference to the arguments incorporated in Nuveen's and Bremner's opening brief (*see* Br. at 16-18), those claims should be dismissed with prejudice.
[3] Plaintiffs incorrectly argue that *Apollo* supports their claim because Nuveen was an adviser to the Kastels about their investment decisions. (*See* Pls.' Resp. Br. at n.12.) Nuveen had no role whatsoever in advising the Kastels about their investment decisions, and Plaintiffs have offered no evidence to the contrary.

3

request that the Court find a fiduciary relationship between them and Nuveen. As a result, Count II should be dismissed with prejudice.

## II. Plaintiffs Have Failed To Plead Sufficient Facts To Support Their Fraud And Negligent Misrepresentation Claims

Counts III, IV, V and VI of the Complaint should be dismissed because Plaintiffs have failed to allege facts sufficient to show that Nuveen made a material misrepresentation with the requisite state of mind upon which the Kastels justifiably relied, and that such misplaced reliance caused the Kastels' loss.

### A. Plaintiffs Have Not Identified Any False Statements Attributable To Nuveen Or Bremner, And Neither Nuveen Nor Bremner Had A Duty To Disclose To The Kastels

Plaintiffs' fraud claims are fundamentally flawed because Plaintiffs do not identify a single allegedly misleading statement made by Nuveen or Bremner. The only evidence Plaintiffs cite to are purported excerpts from Nuveen's marketing materials. (Pls.' Resp. Br. at n.8; Ex. 4 to Corrected Aff. of Howard L. Kastel in Support of Pls.' Resp. to Defs.' Mots. to Dismiss.) However, the Kastels' candid admission that they never saw these marketing materials nor relied upon them in making their investment decisions belies any suggestion that they may have justifiably relied upon the statements contained in such materials. (Compl. ¶ 46.) Tellingly, Plaintiffs do not point out which statement, if any, in the marketing materials to which they cite are false or misleading. Moreover, even if there were false statements in Nuveen's marketing materials, Plaintiffs fail to point to any evidence showing that Defendant Cohen relied upon, referred to or utilized Nuveen's marketing materials in advising the Kastels' about their investments. (*See* Pls.' Resp. Br.

4

at 6 ("Cohen['s] statements to the Kastels *may have been generally consistent with* Nuveen's marketing materials" (emphasis added).) Accordingly, Plaintiffs have not met the threshold requirement of a fraud claim.

Plaintiffs cannot save their claims by relying upon a theory of fraud by omission or concealment of a material fact because, as described above and in Nuveen and Bremner's memorandum in support of their motion to dismiss, Nuveen and Bremner did not owe the Kastels a duty to disclose. Plaintiffs have simply not alleged facts showing the existence of a fiduciary relationship between the Kastels and Nuveen. Similarly, Plaintiffs fail to set forth sufficient facts to establish that Nuveen owed Plaintiffs a duty to speak based upon some other relationship of trust or confidence between them. *See Setzer v. Old Republic Life Ins. Co.*, 126 S.E.2d 135, 137 (1962) ("Under the circumstances of this case a duty to inform plaintiff . . . would arise only if there was a relationship of trust and confidence between the plaintiff and the defendant. There was none."). Plaintiffs' repeated proclamations that Nuveen had such a duty are not supported by any legal authority. (*See e.g.*, Pls.' Resp. Br. at 9.) In support of their claim that Nuveen "had a duty to disclose material information in [its] possession" (*id*.), Plaintiffs cite to the Court's discussion in *Breeden v. Richmond Community College*, 171 F.R.D. 189, 194 (M.D.N.C. 1997). Notably, however, the "fraudulent omission" claim in *Breeden* was dismissed for the same reason the Kastels' claim should be dismissed — a failure to establish that the defendants had a duty to speak. *Id*. at 196.

Moreover, Plaintiffs' response brief contains facts that affirmatively negate the finding of a duty to disclose between Nuveen and the Kastels. A duty to speak may arise

5

"where one party has knowledge of a latent defect in the subject matter of the dealings about which the other party is both ignorant and unable to discover through reasonable diligence." *Id.* (*citing Harton v. Harton*, 344 S.E.2d 117, 119 (1986) (review denied)). Even so, the evidence the Kastels cite to in their response brief, including the May 31, 2006 Bloomberg News report related to the Securities and Exchange Commission's probe of the ARPS market, shows that the Kastels have been able to discover, presumably through their own reasonable diligence, public information about ARPS that they now claim was hidden from them during the same time period. (*See* Pls.' Resp. Br. at 10; Ex. 2 to Corrected Aff. of Howard L. Kastel in Support of Pls.' Resp. to Defs.' Mots. to Dismiss.) This both precludes a finding that Nuveen owed the Kastels a duty to disclose and provides added support in favor of dismissing Plaintiffs' claims. *See Breeden*, 171 F.R.D. at 196 (holding, in part, that "plaintiff fails to state facts from which it could be inferred that defendants concealed information which plaintiffs could not obtain upon exercising due diligence").

### B. The Complaint Makes Only Conclusory Claims Of Scienter That Do Not Rise To The Level Required To Sustain A Claim For Fraud

On top of their failure to plead a false statement, Plaintiffs fail to allege scienter with the requisite specificity. In both their Complaint and response brief, the Kastels argue that Nuveen was somehow motivated to commit fraud in order to continue to receive fees. (*See* Compl. ¶ 20, ¶ 31; Pls.' Resp. Br. at 6.) However, this alleged financial motivation is not enough to plead scienter under the PSLRA. *See Ottmann v. Hangar Orthopedic Group, Inc.*, 353 F.3d 338, 352 (4th Cir. 2003) (rejecting generalized

6

allegations of financial motives as insufficient evidence of scienter).

In order to show scienter in a securities fraud action, there must be a showing of a mental state embracing an intent to deceive, manipulate or defraud, or a showing of recklessness. *In re Cree*, No. 1:03CV00549, 2005 WL 1847004, at *13 (M.D.N.C. Aug. 2, 2005). Recklessness is defined as "an act 'so highly unreasonable and such an extreme departure from the standard of ordinary care as to present a danger of misleading the plaintiff to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it.'" *Id.* at n.15 (*quoting Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 621 (4th Cir. 1999) (citation omitted)). Plaintiffs' complaint does not contain a substantial factual basis to create a strong inference that Nuveen or Bremner acted with scienter. There is no act or omission attributable to Nuveen or Bremner such that they may be said to have acted with an intent to defraud. This is fatal to Plaintiffs' claims under Section 10(b).

### C. Plaintiffs Have Not Satisfied Their Burden Of Proving Justifiable Reliance On Any Alleged Misrepresentations Made By Nuveen Or Bremner

As noted above, the Kastels can hardly claim that they justifiably relied upon any false statements or misrepresentations made by Nuveen or Bremner when they have admitted that they did not see Nuveen's marketing materials nor did they rely upon them in making their investment decisions with their adviser Defendant Cohen. (Compl. ¶46.) To that end, Plaintiffs have failed to meet their burden of pleading a necessary element of a claim under Section 10(b) and Rule 10b-5.

7

### D. Plaintiffs' Allegations Fail To Connect Nuveen Or Bremner To Plaintiffs' Purported Loss

In their response brief, Plaintiffs plainly admit that Nuveen has, despite being under no obligation to do so, redeemed all of the Kastels' ARPS as Nuveen said that it would. (Pls.' Resp. Br. at 17.) Thus, Plaintiffs' sole claimed damage at this stage appears to be that the ARPS purchased by the Kastels lost their liquidity from the period between the collapse of the market and Nuveen's redemption of the ARPS. (*See* Compl. ¶ 32.) Yet, the Kastels provide no factual support that in any way connects a false statement or misrepresentation made by Nuveen or Bremner to this purported damage. Instead, Plaintiffs rely upon vague hindsight arguments, such as "[t]he Defendants engaged in a cover up to hide the facts" and "[b]ut for this cover up, the Kastels would have redeemed their ARPS." (Pls.' Resp. Br. at 16.) However, Plaintiffs fail in both their Complaint and their response brief to explain how any false statement made by Nuveen or Bremner in connection with the alleged "cover up" caused them to suffer their actual claimed damaged — a loss of liquidity.

Moreover, the only causation arguments the Kastels do set forth show that it was Mesirow, and not Nuveen or Bremner, who was directly connected in any way to the Kastels. As the Plaintiffs allege, "Nuveen was at the core of the fraud that caused the Kastels and other Nuveen ARPS Investors to suffer damages — Mesirow was at the heart of the conduct that *directly damaged* the Kastels." (Pls.' Resp. Br. at 8 (emphasis added); see also Compl. ¶ 26 (listing over two dozen alleged omissions the Kastels attribute to Cohen).) Thus, as the Kastels plainly admit, while Nuveen was an auction participant

8

acting at the direction of Mesirow, it was Mesirow and Cohen that were in a position to cause, and allegedly did in fact cause, Plaintiffs' claimed loss.

As a result, Counts III-IV should be dismissed with prejudice.

### III. Plaintiffs' Emotional Distress Claim Cannot Survive Dismissal

Plaintiffs' emotional distress must be dismissed because it is inadequately plead and not corroborated by any factual allegations. The distress claimed by the Kastels cannot plausibly be characterized as severe, or even unusual for the typical investor who was affected by the economic recession of the late 2000s. Moreover, Plaintiffs provide no legal authority whatsoever to support their claim that the generalized conduct the Complaint ascribes to Nuveen was "outrageous." Accordingly, Count IX should be dismissed with prejudice.

### CONCLUSION

Wherefore, for the reasons stated herein, Plaintiffs' Second Amended Complaint (Doc. No. 74) should be dismissed as to all causes of action plead against Nuveen Investments, Inc., Nuveen Investments, LLC, and Robert P. Bremner.

Dated: March 31, 2011                    Respectfully submitted,

NUVEEN INVESTMENTS, INC.
NUVEEN INVESTMENTS, LLC
ROBERT P. BREMNER

/s/ Jack M. Knight Jr.
One of Their Attorneys
Jack M. Knight Jr. [N.C. Bar No. 21145]
**WINSTON & STRAWN LLP**
214 N. Tryon Street
Charlotte, NC 28202-1078
704.350.7700
704.350.7800 ~ Fax
Email: jknight@winston.com

Bradley C. Graveline*
bgraveline@winston.com
Dana E. Schaffner*
dschaffner@winston.com
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

* Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

This is to certify that on March 31, 2011, I electronically filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS NUVEEN'S AND BREMNER'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF System with notice of case activity to be generated and sent electronically by the Clerk of Court to those parties registered to receive such service.

>   Mr. Howard H. Kastel
>   10393 Holt
>   Chapel Hill, North Carolina 27517
>   Telephone: 919-933-3181
>   Fax: 919-933-4472
>   hkastel@nc.rr.com
>   *Attorney for Plaintiffs*
>
>   Ronald R. Davis
>   W. Ellis Boyle
>   WOMBLE CARLYLE
>   One West Fourth Street
>   Winston-Salem, NC 27101
>   (336) 721-3600
>   (336) 721-3660 ~ Fax
>   *Attorneys for Defendant Mesirow Financial, Inc.*

This 31st day of March, 2011.

>                                                       /s/ Jack M. Knight Jr.