THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
CASE NO. 1:09-CV-646

| | |
|---|---|
| HOWARD L. KASTEL TRUSTEE | ) |
| OF THE HOWARD L. KASTEL | ) |
| TRUST DATED NOVEMBER 13, 1985 | ) |
| And JOAN H. KASTEL | ) |
| Plaintiffs | ) |
| v | ) |
| | ) |
| NUVEEN INVESTMENTS INC, NUVEEN | ) |
| INVESTMENTS LLC and ROBERT P. | ) |
| BREMNER and MESIROW FINANCIAL | ) |
| INC. and LAWRENCE M. COHEN | ) |
| Defendants | ) |

PLAINTIFFS REPLY BRIEF IN SUPPORT OF THEIR MOTION
TO FILE SURREPLY

Nuveen's opposition brief is replete with grandiose statements and pronouncements (as have their prior briefs), which purports to substitute its supreme wisdom for that of the courts. Underlying their objection is their concern that the references to the Financial Industry Regulatory Authority ("FINRA") Findings ("FINDINGS") are very persuasive and demonstrate that discovery will reveal additional facts and substantial evidence. The FINDINGS permit the Court to draw a strong inference that the facts set forth in the Complaint are well supported. Plaintiffs

respectfully suggest that this Court should reach the conclusion that the Complaint makes a strong showing that Defendants are liable for the alleged misconduct.

Plaintiffs should be allowed to file their Surreply. The weight to be given to the FINRA's FINDINGS is submitted to this Court's sound discretion.

The Supreme Court has taken a more flexible approach to materiality and scienter in Matrixx Initiatives, Inc v. Siracusano 131 S. Ct. 1309 (2011). In Matrixx at page 1323, the Supreme Court disavowed a bright-line rule for Plaintiffs to get their claims past the pleading stage. The Supreme Court stated "We believe that these allegations suffice to 'raise a reasonable expectation that discover will reveal evidence' satisfying the materiality requirement Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), and 'to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged'" [citation omitted].

"Even under the PSLRA, the usual rules for determining motions to dismiss pertain; the well-pleaded allegations of the complaint are deemed true and all inferences are drawn in favor of the pleader. The court is not to weigh the merits of the case or engage in fact finding….Defendants, parsing each individual allegation, urge the court to find that none of them, taken individually, is sufficiently supported by a factual underpinning." (In re EVCI Colleges Holding Corp. Securities Litigation 469 F. Supp 2d 88, 92 (S.D.N.Y.2006).) "A pleader can satisfy the PLSRA by citing documentary evidence Id. 96). The Court concluded, "All in all, the pleading before this court is one of the best supported securities fraud complaints this court has seen …if this complaint does not pass muster…what would qualify as an adequate pleading." (Id. 99)

ISSUES PRESENTED BY PLAINTIFF'S MOTION TO FILE SURREPLY

1). Are the findings of Fact and Violations, Sanctions and Disciplinary Action by FINRA relevant to the Court's determination as to whether the allegations in the Complaint demonstrate sufficient factual underpinning, notwithstanding that Plaintiffs do NOT ask the court to find any facts at this stage of the case. Plaintiffs only ask that the FINDINGS be considered by the Court in ruling on the Defendants' Motions to Dismiss.

2). Do the FINDINGS constitute "other sources" that the Court must consider in its determination of the adequacy of the allegations in the Complaint as enunciated by the Supreme Court in Tellabs, notwithstanding the speculative argument that the liability disclaimer limits the purpose for which this document can be offered. Certainly the liability disclaimer cannot change the facts. Nuveen has agreed that it will not deny any of FINRA's Findings or "create the impression that [the Findings] were without factual basis" (Financial Industry Regulatory Authority Letter of Acceptance, Wavier and Consent NO. 2008013056701). At least at the pleading stage, the allegations in the Complaint and the FINDINGS exhibit strong parallels; hence, the Court should assume that discovery will support plaintiffs allegations.

3.) Do the specific references in the Complaint:
 a. Page 2 "regulatory investigations";
 b. ¶ 7 Nuveen "the subject of an investigation";
 c. ¶Nuveen [was a} member of FINRA and failed to comply with [these] provisions;
 d. ¶28 allegations regarding the January 2008 auction failures specifically addressed in the FINDINGS;

form a basis for asking the Court to consider the FINDINGS.

4.) Could this Court have referenced to FINRA's FINDINGS sua sponte . Federal law gives FINRA the authority to discipline securities firms that violate the federal securities laws and regulation. Effective enforcement of the law is at the heart of FINRA's mission.

5.) Is this Court permitted to consider and determine the weight, if any, to be given FINRA's Findings, not withstanding the argument that the terms of the settlement may not be admissible at trial.

6.) Does Fed.R.Evid. 803(8)© provides an exception for reports "resulting from an investigation made pursuant to authority granted by law…". See Options Resourse

Group v. Chambers 967 F. Supp 846, 850 W.D. Pa (1995) and SEC v. Pentagon Capital Management 2010 WL 985205 (SD NY 2010). Should the Court take into consideration that the boilerplate language "To Neither Admit or Deny" is added to every disciplinary action, but makes no less public the serious indictment of Nuveen . Presumably the same evidence that persuaded FINRA will be available to the Plaintiffs in Discovery .

Nuveen's Response attempts to inject additional uncertainty into the pleading stage in order to divert the Court's attention from the obvious, that the FINDINGS demonstrate that Plaintiffs will be able to support their detailed allegations based upon the same facts, documents and testimony that formed the basis for the findings. At the Pleading stage, the question is not whether the Federal Rules of Evidence will operate as a bar to Nuveen's putative defense, but rather whether upon completion of discovery there is a "probability" Plaintiffs will discovery the same facts that supported FINRA's conclusions (much of which is set forth in the Complaint) and that the facts will be persuasive. Taking Judicial Notice is consistent with Tellabs and therefore consistent with the text of PLSRA, and the underlying purposes of the securities laws. At the very least the FINRA's action constituted "whistle blowing" and supports the allegations pleaded in the Complaint. The Complaint in this case is good example that private actions supplement SEC and FINRA enforcement efforts. Nuveen has actual notice that Plaintiffs intended to rely on FINRA findings. This supports the basis for asking the Court to consider FINRA's Findings at the Pleading stage.

In considering, Plaintiffs Motion for Leave to File Surreply, we again call attention to the holding in EVCI stating at page 91: "Read too literally, [PLSRA] would appear to impose…the almost insuperable burden of having to file a complaint that is as comprehensive as his closing argument after trial….The PLSRA's effort to weed out strike suits was well intentioned. Unfortunately, the statute does not protect courts –a 'strike' motion to dismiss that is utterly lacking in merit from the defense equivalent. Plaintiffs Surreply Brief and the FINRA Findings demonstrate that Defendant Nuveen's brief raises transparent and misleading arguments.

Dated July 13, 2011

Respectfully Submitted,

By: /s/ Howard L. Kastel

Howard L. Kastel Esq.
N.C. Bar No. 34615
10393 Holt
Chapel Hill, North Carolina 27517
919-933-3181

CERTIFICATE OF SERVICE

This is to certify that on July 13, 2011, I electronically filed the forgoing Motion with the Clerk of the Court using the CM/ECF System with notice of case activity to be generated and sent electronically by the Clerk of Court to those parties registered to receive such service.

Jack M. Knight Jr.
[N.C. State Bar Number 21145]
Winston & Strawn LLP
214 North Tryon Street
Charlotte, N.C. 28202
Attorney for Defendants Nuveen Investments, Inc. Nuveen Investments LLC and Robert P. Bremner

Ronald R. Davis
[N.C. Bar Number 20408]
0Womble Carlyle
One West Fourth Street

Winston Salem NC 27101

Attorneys for Defendants Mesirow Financial Inc and Lawrence M. Cohen

Howard L. Kastel

Attorney for Plaintiffs

By: /s/ Howard L. Kastel

Howard L. Kastel

N.C. Bar No. 34615

10393 Holt

Chapel Hill North Carolina 27517